U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 28 2017
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RONALD SWEATT, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-725-A |
| | § | (NO. 4:16-CR-074-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Ronald Sweatt ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting amended memorandum, the government's response, the appendix in support, and pertinent parts of the record in Case No. 4:16-CR-074-A, styled "United States of America v. Ronald Sweatt," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On April 5, 2016, movant was named in a one-count indictment charging him with production of child pornography, in violation

of 18 U.S.C. §§ 2251(c) and 2251(e). CR Doc.[1] 14. On May 13, 2016, movant entered a plea of guilty to the charge of the indictment. CR Doc. 21, 46. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the PSR was prepared; the court could impose a sentence more severe that the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 46.

On October 7, 2016, movant appeared for sentencing and was sentenced to a term of imprisonment of 360 months, to be followed by an eight-year term of supervised release. CR Doc. 41, 43, 47. Movant did not appeal.

II.

Grounds of the Motion

Movant asserts four grounds in support of his motion:

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-074-A.

First, he says that there was prosecutorial misconduct. As supporting facts, he alleges that the "United States Attorney suborned perjury by allowing witness(es) at sentencing to give false testimony/statements" and that the U.S. Attorney "made false statements stating 'high risk of recidivism' based on facts or evaluation. No evaluation was ever performed." Doc.[2] 1 at typewritten page 5.[3]

Second, movant alleges that he received ineffective assistance of counsel. As supporting facts, he says that his court-appointed attorney suggested he not seek or pursue a psycho-sexual evaluation; did not apprise him of his right to review the evidence against him; and did not strenuously object to incorrect/false information in his presentence investigation report ("PSR"). Doc. 1 at typewritten page 6.

Third, movant alleges that the court lacked personal or subject matter jurisdiction, because the crime of his conviction was committed in another country. Doc. 1 at typewritten page 7.

And, fourth, movant alleges that there was judicial misconduct, because the court relied upon incorrect/false information when sentencing and allowed the prosecutor to give

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The top of the form movant filed bears typewritten page numbers. The first page of the document constituting movant's motion bears the typewritten notation "Page 2." Doc. 1.

3

and allow false testimony. He says the "Order of the Court makes/contains false statements not supported by evidence or by evaluation which was never completed." Doc. 1 at typewritten page 9.

III.

Applicable Legal Principles

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of

4

habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's

errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Movant's first and fourth claims are wholly conclusory and unsupported and therefore subject to summary dismissal. Blackledge v. Allison, 431 U.S. 63, 74 (1977). His first ground simply alleges that the government suborned perjury, but gives no explanation of what he means. Movant does not identify any particular witness[4] or what testimony is alleged to be false. He says that the government's attorney made false statements regarding movant's high risk of recidivism, but he does not give

---

[4]In fact, it is not clear how many witnesses movant is talking about, inasmuch as he uses the term "witness(es)" when clearly the information is within movant's personal knowledge.

6

any further explanation. His fourth ground is similarly vague. He says that the court relied on "incorrect/false information" but does not describe the information to which he refers. Doc. 1 at typewritten page 9. He refers to an "Order" but does not describe the document he references; nor does he explain what false statements are contained therein.

The record does not support and, in fact refutes, movant's allegations. The record does not reflect that the government made any statements about movant's risk of recidivism; rather, those statements were made by movant's counsel. CR Doc. 47 at 12-13. Moreover, one of movant's victims and her mother allocuted at sentencing and movant did not contradict their statements. Rather, he acknowledged that he hurt them and many others and that it would be practically impossible for them to ever forget what happened. CR Doc. 47 at 21-22. He concluded by saying, "Today, I deserve everything that I'm going to get, and I accept it fully, and that's about all." Id. at 22. "Solemn declarations in open court carry a strong presumption of verity." Blackledge, 431 U.S. at 74. The statements made in the motion are insufficient to overcome them.

Movant's second ground likewise makes conclusory allegations insufficient to raise a constitutional issue. Miller, 200 F.3d at 282. Movant simply says that his attorney advised him not to seek

a psycho-sexual evaluation, but offers no evidence to show that such an evaluation would have been favorable to him. Based on the facts set forth in the PSR, it appears highly unlikely that there could have been any evaluation favorable to movant. The second basis for the claim--that counsel did not tell movant he had a right to review the evidence--fails to establish deficient performance by his attorney. Movant does not say how knowing about the right to review evidence would have affected the outcome in any way. And, finally, movant says that his attorney was ineffective in failing to "strenuously object to incorrect/false information" contained in the PSR. Movant does not describe what information he says was false or what the objection should have been or how any such objection would have affected the outcome. The record reflects that movant questioned the accuracy of some of the things the probation officer reported that a victim said and that movant continued to disagree with those statements. CR Doc. 47 at 4-5. As the court noted, that victim was present to allocute at the sentencing and movant could have made whatever response he thought appropriate. Id.

And, movant's third ground alleging lack of personal or subject matter jurisdiction is simply wrong. A district court's jurisdiction extends to all crimes cognizable under the authority of the United States. United States v. Scruggs, 691 F.3d 660,

667-68 (5th Cir. 2013). In other words, to confer subject matter jurisdiction, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the statute. Id. at 668. Any argument that an indictment does not charge an offense against the United States simply goes to the merits of the case. United States v. Cotton, 535 U.S. 625, 630-31 (2002). Here, the indictment clearly tracked the statute, which prohibited the conduct in which movant admittedly engaged. CR Doc. 14; 22.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

The court further ORDERS that movant's motions to supplement and amend and to require production be, and are hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED November 28, 2017.

_____
JOHN McBRYDE
United States District Judge